We'll hear argument first this morning in Case 13-1487, Henderson v. United States. Mr. Ortiz. Mr. Chief Justice, and may it please the Court, this case asks whether the Felon in Possession statute prevents a court from ordering the government to transfer firearms in its possession that are owned by a felon to a suitable third party. The government now concedes that a court can order transfer to a licensed gun dealer who will then sell the firearms on the owner's behalf. That concession alone requires reversal. Neither court below understood that it had such power. Why isn't that enough for your client? He wants to sell the firearms. The government is willing to let a licensed firearms dealer sell them for him? Yes, Your Honor. He – that is not his preferred remedy, but that is an acceptable remedy for him. In fact, it is one of the remedies that he suggested below. I didn't – I thought that before the district court, there was only first his friend, then his mother, and then another friend. Where did he ask the court to allow the guns to be sold by a licensed gun dealer? Your Honor, you can see the references on page 71, 170, 132, and page 195 of the Joint Appendix. On page 71, in his renewed request of disposition of property, Mr. Henderson said that the owners will have a property interest on the firearms which must be accommodated by the sale, transfer, or storage of the firearms, in spite of his own possessor rights having been curtailed. On page 170, Mr. Henderson – But that doesn't mention anything about a gun dealer, and he had been quite specific about the persons to whom he wanted the guns transferred. Well, Your Honor, the – in the Miller case, which he cites there for the proposition that a sale would be an appropriate remedy, the sale was through a licensed – one of the possibilities was a sale through a licensed gun dealer. Is there any point in the references that you made where he said to the court, I would like these guns to be consigned to a licensed gun dealer? He twice, Your Honor, did not – he did not mention the word licensed gun dealer, but he said transfer for sale, did not limit it to any particular person. On page 132, in his objections to the magistrate judge's report and recommendation, he asked the court to grant the request that this court ordered that a person lawfully entitled to own the subject firearms collection be awarded possession and control. And directly, it came as – Wasn't he on a feudal mission in this circuit? Yes, Your Honor. He was on a feudal mission in this circuit. Because this circuit had already ruled that any kind of sale by anyone was prohibited because he was a felon. That is clear, Justice Sotomayor. He also – And when he went up on appeal, he cited the Brown case to the court – to the circuit court, which had held that a court-ordered sale was okay. Yes, Your Honor. And despite him citing the Brown case, the Eighth Circuit continued with its own precedent and said no one could sell it, not even the court. Yes, Your Honor. He – he did make that clear to the Eleventh Circuit, but nowhere in his request for a sale or transfer below did he specifically limit it to someone who was not a licensed gun dealer. This request at the end of his objections to the magistrate judge's report is broad enough to contemplate that. He was also – I would have thought – I would have thought you would oppose the notion that that would be an adequate – adequate relief. If we're talking about an attribute of ownership, the owner gets to decide who – to whom he's going to sell what he owns. Yes, Your Honor. It is – it may, in this particular case, because it was one of the remedies that he actually requested be possible, but it's not his preferred remedy. This Court should have the power to approve sales and transfers so long as the recipients are not under the control or influence of the owner, so long as they themselves are legally entitled to own and possess the guns. And so long as the owner is not under the control or influence of the owner, so long How does the Court know whether that transfer will give him access to the guns so that he will have possession? Your Honor, it's up to the district court to hold a hearing on the issue. The standard is reasonableness, additional equitable analysis. The Court can notify the suggested transferees that they're giving the – allowing Mr. Henderson any access to the guns would constitute a criminal violation. The Court can, as the Seventh Circuit suggested, require signed statements from the proposed transferees that they will never let the owner, again, have control or influence over the use of the guns. There are examples. It's a case-by-case determination, however. In some cases, the Court may be persuaded that such transfers would be appropriate. In other cases, the Court may well not. Kennedy, under what statutory or rule of authority does the Court hold that hearing? This is under its traditional equitable principles or authority, Your Honor. Is there a black-letter case you can cite for the proposition that the Court has this general equitable authority? Well, Your Honor. Because I'm wondering if the government won't say, oh, you have to sue under the Tucker Act or something. That's what I'm asking. Yes, Your Honor. No. The lower courts that have done this, Your Honor, have cited in cases like Wilson and Wright from the D.C. Circuit before Rule 41 was amended in 1989, pointed out that they had ancillary jurisdiction to this, in a sense which does not violate the statute. And in this case, it's actually a case about Kuckonen or Peacock v. Thomas, because in this case, the Mr. Henderson was ordered to give up the guns as a condition of his release. The court's returning of the property can be seen as its giving effect to its own orders and decrees. You believe that? Is 41g too much of a stretch? No, Your Honor. We believe that Rule 41g would also work here. The government takes a much narrower view of the course. Mr. Henderson did not actually ask for relief under 41g himself. He asked for it under general equitable principles, which other courts have allowed. It's the government that tried to narrowly characterize his request as one under Rule 41g and now takes a very narrow approach towards the word return and suggests that he is unable, should be unable to seek transfer of his guns for that reason. Well, it's not just return, right? It's return the property to the movement. So how does this fit under 41g? Well, it's a kind of complicated transaction under Rule 41g, Your Honor. He is asking for the guns to be transferred and as part of that transfer for him to receive payment. He is not asking for the gun itself, admittedly. He is asking the court to structure the transaction in such a way that he would receive the economic benefit. He's asking for the stick in the bundle that's called ownership and the funds from the transfer. Yes, Your Honor. He's asking for the ownership, in particular the right to transfer. And that, the Eleventh Circuit held that the right to, by transferring the property, he was necessarily receiving constructive possession of it. And that holding is wrong for at least six different independent reasons. It violates the plain language of the statute. It violates traditional understanding, common law understandings of what possession entails. It violates the statutory structure and at least two canons of statutory interpretation. It violates the statutory's purpose by preventing felons from completely alienating their interests and their guns. It also allows the government to accomplish a forfeiture without any due process at all. And, Your Honors, it raises serious takings, due process, Fourth Amendment, Second Amendment, and Eighth Amendment concerns. Kagan, just so I understand the scope of your position, you say that the district court has discretion to figure out, you know, whether a particular person whom your client or someone else wants to sell the gun to is an appropriate recipient of the gun. But in the absence of that, does the district court just have discretion, or must the district court ensure that the gun is sold through a gun dealer? In other words, if your client says, really, I want it sold through a gun dealer, is that discretionary on the district court's part, or is that required? That would be required, Your Honor, although there might be some argument about the particular gun dealer. Maybe the one that's proposed that Petitioner believes would be inappropriate for some reason. Sorry. The lower court, Your Honor, would be required under those circumstances that Justice Kagan proposed to order a sale by a licensed gun dealer. It's possible that there might be some argument about whether a particular gun dealer would be appropriate or not. Alitoso, can I ask you a question about your argument that a district court would have the discretion to prevent the transfer of a gun from the convicted felon to a third party who has some acquaintance with the convicted felon, a friend, let's say. Let's say it's a friend who lives two blocks away. Now, if this friend doesn't — is not himself a convicted felon or doesn't have some other aspect of his record that would prevent him from buying a firearm, he could go to a licensed firearm dealer, presumably, and purchase it directly, right? Yes, Your Honor. So why should the situation — and that would be true, even though he is a friend of the convicted felon and there might be some risk that he would allow the convicted felon to use the firearm. So why should the situation be different when the district court is considering whether the firearm can be transferred from the convicted felon to this individual? It shouldn't be any different. But I thought you understood that — I thought you were saying that the district court would have the discretion to prevent that transfer if the district court thought there was some risk that this individual would allow the convicted felon to have access to the firearm. If in its hearing the district court is insufficiently convinced that there is independence between the owner and the transferee, it might, as an exercise of its equitable discretion, because this is a question of equity, refuse the direct transfer and put it up for — put the firearms up for sale through a licensed gun dealer. And then that individual could go to the licensed firearm dealer and buy exactly the same gun. Yes, Your Honor. So I don't see how those two positions are different. At the extreme, Justice Alito, imagine a situation where someone in this position is proposing transfer to an unindicted drug kingpin, something like that. The government presumably would object to the transfer, not because the person is indicted, maybe the drug kingpin hasn't yet, but because they have suspicions about its activity. The drug kingpin in that position could presumably go to a gun dealer and buy whatever firearms the drug kingpin wanted. But it is not outside of the court's authority to take that fact into account. Those circumstances, I believe, would be very few and far between. In most cases, so long as the transferee is not under the owner's control and the transferee has the legal ability to own and possess the guns, the district court, under normal course, should approve the transfer. But there may be other cases where the district court has taken this approach, Your Honor, it's usually a matter of negotiation between the government and the felon. And I would assume it ought to be the gun owner's first preference. I mean, why wouldn't that be the normal situation? His first preference is that it should be sold to individual X, and if the court cannot reject that, it should go there. And his second preference is, well, if you reject that, give it to Y. Wouldn't that be the normal? That would be the normal, Your Honor, and we certainly believe that Petitioner should have that right, and Petitioner's nominee of the gun dealer should be accepted. Sotomayor, I think Justice Alito's question is basically, why would the district court have equitable power to turn down any named buyer, so long as it is an actual buyer? Meaning, I can understand he can't just designate someone who's himself, okay? But if he's making a good-faith sale, why should the district court have any power to turn that person down? Justice Sotomayor, the district court shouldn't have that power unless the public buyer is a good-faith buyer, and those cases would be few and far between. The one I mentioned, the sale, the proposed transfer to an unindicted drug kingpin might be extreme enough for that to be possible, but ordinarily the district court should have not had that power. And, Mr. Ortiz, why is it required that the court arrange for some transfer, whether to a gun dealer or otherwise? Is it principles of equity that require that? Is it something else? Well, Your Honor, there's no statutory bar to it. There's always principles of equity and there's no other. Right. There's no statutory bar, but I guess I'm asking a further question because you said in response to my earlier question, it's not just discretionary, it's required, you know, at least to a gun dealer. And I guess I'm asking, what is the source of that requirement? Well, that requirement has several sources. Part of it is the due process clause, where the government can't basically affect a forfeiture without according any process, which the Eleventh Circuit rule would allow. There are also concerns under the takings clause. There's also may well be an unreasonable seizure under the Fourth Amendment. There are excessive fine clause issues. In fact, this Court has all of those constitutional doubts and concerns that argue in favor of the remedy that Mr. Henderson requested. With no further questions, Your Honor, I would like to reserve the remaining time for rebuttal. Thank you, counsel. Ms. O'Connell. Mr. Chief Justice, and may it please the Court. If a convicted felon selects a recipient of his firearms and negotiates the terms of a transfer, but then relies on someone else to deliver the firearms, he still has the power and intention at a given time to exercise dominion and control over those firearms, which amounts to constructive possession. Where did it – the ability to sell something depends upon ownership, not possession. If I leave my car with a garage for a month, the garage has possession, but they can't sell the car. I don't have possession, but I can sell the car. In other words, I don't see how it gets to be constructive possession. All he's asserting is a right to ownership, which carries with it the right to sell. The definition of constructive possession, which everybody agrees is included within the word possession in 922G, is when a person has the power and intention at a given time to exercise dominion and control over the property, either directly or through others. And it's our position that if he is selecting the recipient, excluding others from receiving it, and negotiating the terms of the sale, that he has the power and intention at that time to exercise dominion and control over those firearms. We've cited some cases where that's true. But he's not holding them. He's just trying to sell them. He doesn't want to control them, he doesn't want to use them, he doesn't want to possess them constructively or otherwise. In fact, he wants to get rid of them, which is what the statute is supposed to accomplish. Right. So we agree that the convicted felon can sell the firearms, they can be sold. There's a question of who should be selling them. On our end, we think that they should go to a licensed firearms dealer, a Federal Firearms Licensed Dealer or an FFL, who is licensed and expected to sell firearms. But do you think that the person can pick the firearms dealer? Yes, we think that's true. But then your position is internally contradictory, right? Do you think he can pick the firearms dealer? That fits within your very broad definition of control. I don't think so, and let me explain why. When he picks the firearm dealer, he is not exercising any control over where the firearms land. The firearms dealer is an expected and a licensed seller of firearms, so we don't expect him to keep them or be subject to the convicted felon's control at all. If he's nominating someone or selling them to a specific person, then he has exercised control over where they're going, he has excluded others, and we think that amounts to contrary possession. Well, then suppose his friend comes forward and says, I don't really intend to possess this, I'm going to sell it. That wouldn't be control? Well, I think there's so, as I was saying, there's a question over who sells it. We think the FFL, the Petitioner thinks he can sell it himself to a friend, and we think that amounts to constructive possession. In the middle, there's a question of can a neutral third party sell them? And as we think the Federal firearms licensed dealer is the right one to sell, but on my theory of constructive possession I've just laid out, you point out, yes, any third party could, if the Court determines that they are not subject to the felon's control, execute this sale. However, a court sitting in equity should not be required to accept the convicted felon's designation of somebody who's going to sell. Scalia. Why do you say that constructive possession only consists of being able to decide where they go? Why isn't it constructive possession to be able to decide who gets them for later transfer? Why doesn't, why isn't that an exercise of, of dominion over them to some extent? I think it's harder to say that you're exercising dominion and control over something by saying I want to get rid of these and please, please quit. I want so-and-so to sell them. I don't know why that isn't exercising dominion and control. It seems to me you're drawing a very artificial line. You only, you can only exercise dominion and control when you determine where they end up. But I don't see that that comes within, within the term constructive possession. If he is just, if there is just a party that's appointed to sell the firearms for him, and we have to get rid of them somehow. And so we think the best way to do it is to give them to a licensed firearms  And Justice Scalia, you know. Scalia. But I'm not saying it doesn't make sense. I mean, it may make a lot of sense. It may be a very good policy had it been written into the statute. But you're building this whole, this whole palace upon the word constructive possession. And I don't see how constructive possession makes, makes that distinction. It really doesn't. We, it's just more, it's harder to say he's exercising dominion and control when they are just being given to a neutral third party who's going to sell them in an arm's-length transaction to the entire universe of buyers that are eligible. I don't think it's harder at all. He's deciding where they go for sale. Why isn't that exercising dominion and control? We think you can draw a distinction. I think it's also, the reason that we think it's okay, a practical reason why we think it's okay for the felon to suggest or say where he, which firearms dealer he thinks they should go to is because the government, when we, when we said, how about if we just selected, we don't really have the resources and the power to be going out and finding firearms dealers, so we're happy if the felon wants to appoint one. Roberts. Roberts. What if he wants to donate them to somebody, he wants to donate them to the Texas National Guard? Would he do that? I mean, the Federal firearms dealer doesn't help you there. No. I mean, I think any, when it comes to that. No, I mean, no, he can't do it or? He cannot. I think anything that it comes, where it comes down to he is exercising dominion and control over the firearms through the sale amounts to constructive incentive. To the Federal government, he says, I'm sorry about the conviction, I want to give these to the Federal government. Can he do that? Well, I think he could. I mean, I guess that's what he's doing. He's not. He could abandon them to the Federal government. And he's chosen not to. But I think in that situation. Why isn't that exercising dominion and control? I mean, he says, I'm not going to propose anything. I'm going to let the Federal government handle it. Why isn't that exercising dominion and control? The reason why is because we already have them, frankly. So he doesn't have to transfer possession to us in order for us to have them. All he would be doing is abandoning any interest in them. Well, lucky you. Right. And let me, I also want to make clear. Ms. O'Connell, can I ask why it is that we're looking at it in terms of the sale? I mean, this is, this constructive possession question, it would seem to me to make a lot more sense to ask the person who's going to end up getting it, is there a chance that the original owner can control what that person does with it? In other words, you know, I give it to my wife, I give it to my best friend, and I'm really in a position where I'm controlling the use of the firearm. And that seems to me to make perfect sense. It's not the question of, like, who controls the sale mechanism. I agree with you, Justice Kagan, that it makes perfect sense to look at whether the felon has control over the person that gets the firearms. But I think there's a separate time period that we need to look at during the sale to determine whether he's exercising dominion and control over the person. Where does all this come from? I mean, to me, when somebody uses the word constructive X, that just means it's not X. And it's a way of pretending that it's X when it isn't. So I start with that and say, what you're worried about here, of course he doesn't have any possession of it. You have possession of it. And what he wants to do is he wants to put it somewhere so he can't get a hold of it as long as the law prevents him from having it. And you took it from him. You made him give it to him. And so what's wrong with his saying, you go give it to somebody? Now, if it's too much trouble, the judge can say he can't make you go to a lot of trouble. If it's giving it to somebody who might really do everything he wants, we'll guard against that. That's the job of the district judge. End of case. Now, what's simple, realistic, preserves the government's interest? What's wrong with it? I think, Justice Breyer, that we are not pulling our constructive possession position out of thin air. There are things like that, and I don't understand any piece of it that has something in that like it. We have the cases we've cited, I want to draw your attention, the cases we've cited on pages 25 and 26 of our brief that involve convicted felons who are out in the world, and they are negotiating sales of firearms. And they are saying, hey, buyer, do you want to buy this firearm? Let's negotiate the terms, and then since I can't possess them, I'm going to have somebody else drop them off. And courts have concluded in those circumstances that's constructive. Breyer, so we don't want that. So we'll say to the district judge, judge, use some common sense. Don't let this gun get into the hands of the crime boss of the area. Don't let the things that you were just talking about happen. And you look to see how much trouble it is, what's likely to happen, and where it makes sense, and it isn't likely these bad things to happen, fine. Those cases, though, are not concerned with we want to double check on who the buyer is and see if that buyer is going to be subject to the convicted felon's control. They're looking at the felon's ability to move guns around throughout the world. Kagan. But that seems to me very different than the situation here, Ms. O'Connell, because in that case what the gang leader has is a situation where somebody else is holding a gun for him, and he can say anything to that person. He can say use the gun, he can say keep the gun in your closet, he can say sell it to person A or person B or person C. He has total freedom over it. And that's very different from the situation here where the only thing that a person with a person in Mr. Henderson's position can do is to sell the gun to a person whom the court approves. I don't think that any of the cases that I was just referring to involve situations where the convicted felon has control over the person that's receiving the gun. All of them just have to do with the convicted felon's ability to make a gun appear somewhere when he says to and to show that he's exercising dominion and control over the guns by negotiating the terms of their sale and identifying buyers for them. Scalia. But he doesn't have to get anybody to approve the buyer. I think what Justice Kagan is saying, it's a lot harder to say you have dominion and control when you have to come before an equity court and say, please may I, you know, have the gun given to my best friend or to somebody else. That doesn't sound much like dominion and control to me. We acknowledge that because the guns are in our possession and the Petitioner needs a court order in order for them to go somewhere, that the court is exercising also some control over the weapons. But by reserving this right to nominate somebody to receive them, the convicted felon is also exercising control over the weapons. I'll point out that in the Petitioner's opening brief, when he described the main attributes of possession, he said the right to control and the right to exclude. And his theory in the reply brief that, oh, I'm just nominating somebody, is certainly an exercise of the right to exclude other people from getting their hands on the firearms. Sotomayor, the reality is that the world is not going to know the guns are there. So, but there's no exclusion. If I wanted to go into that case and ask the court to consider me rather than the nominee, it's a court of equity. And the court could say I'm the better owner than the person they nominated. So I don't know what this why this nomination becomes control over the sale if it's the judge who's approving the sale. Well, I think because I don't know that it's true that any other person could just come in and ask for the firearms. I'm not aware of that case. But you're saying the court is the one who decides whether the person who's nominated is appropriate or not. Right. The court can say yes or no after weighing equitable factors, but if it says yes, then the felon is exercising a right to control and to exclude. What is it you want to have happen? The gun was taken away from him. Yes. He can't possess it anymore. It's in the hands of the court, I guess, or the government. Okay. Now, it's his. It's an 1891 collector's item. He's a gun collector. Nobody's claiming it's forfeitable or anything. Okay. What do you think should happen? We think it should go to a Federal firearms license dealer for a sale. And I want to make clear that if the Court disagrees with our constructive possession theory, I think that's probably where Justice Scalia is, and I don't know how many other people are in that boat. But I think the Court should certainly make clear in its opinion that because the district court looking at this relief is sitting in equity, it is not required to broker a sale between a convicted felon and his friend. The Court could still order that the firearms instead be sent to an FFL. Roberts The idea that it should be sold through a Federal firearms dealer is a late idea. This was not something the government proposed at any stage below until the case came here, right? Right. We certainly didn't propose it, but I also don't think it's correct to say that the Petitioner was proposing this as relief that he wanted. He did say it in the first place. What did you anticipate?  happen to the guns? I mean, I think in the Eleventh Circuit, Federal law enforcement officers that have these guns and are trying to decide what to do with them when they get their requests coming in from the felons were certainly under the impression that Howell controlled and that they certainly couldn't give it to somebody that was selected by the convicted felon, but also that they couldn't sell it. And if we Roberts Has the Federal government ever used these guns? No. And if we Roberts I think there would need to be an extra step in a lot of the court of appeals cases that present this issue. When the convicted felon filed his Rule 41G motion, the government filed in response a motion to confer permission to destroy the firearms dealer.    And I don't think that there is anything like that in this case. We wouldn't gain title to them. But we think, we do agree that our position, maybe not necessarily in this case, because the relief that Petitioner was asking for was always to have it transferred to somebody in specific, but I completely agree that we have said in briefs before we understood Howell to also prohibit a sale. So what I think the appropriate relief for this Court to what the Court should do to affirm the Eleventh Circuit's holding that the convicted felon cannot select somebody to receive his firearms, but then remand for if the Court adopts our Federal license firearms dealer position to determine whether that relief is subject to the firearms trap. Sotomayor I'm a little bit upset at your brief, frankly, because in that circuit, he couldn't know that there was any permissible sale, because that circuit had said none. And so to come back and say to us that we should leave it in their discretion as to whether it should go to a Federal, Federally licensed firearms dealer seems as if the government has set a trap for a pro se litigant. We are certainly not trying to do that. The position that I think I just articulated was if the Court agrees with what we've said in our brief and our view of constructive possession, it should affirm what the Eleventh Circuit said with respect to he cannot transfer the firearms to a person of his choosing. But we would not oppose a remand for the court of appeals to or the district court to look at this at that felony. Roberts That's not going to get it done. You still have the problem of the court below's view of the unclean hands doctrine. Do you have a position, the Federal Government, does the Federal Government have a position on that doctrine now? O'Connell We do not think the unclean hands doctrine applies in this case. I'm sorry if that was not clear from the footnote in our brief, but we disavow that holding of the Eleventh Circuit. We are perfectly fine with you writing an opinion, and you should, saying that the Eleventh Circuit should not have relied on that doctrine. The unclean hands doctrine typically requires the uncleanliness of your hands to be understood. And that is what you are seeking, and that is what you are seeking. Breyer That can be your position. I mean, because I'm getting away from what I call the legal mumbo-jumbo. Looking at the word possessed there, fine, it's a question of interpreting that. And now where I thought, well, he can't just have it sold to anybody. I mean, he could be sold to, you don't want it sold to somebody who's going to do his bidding every five minutes. I mean, maybe he'd even agree with that. And now you're taking the opposite extreme. You're saying the only way to administer this is the only thing really you can do with it is you can sell it to a Federal, to a Federal firearms dealer. And they're probably intermediate positions. You know, I mean, somebody has a very valuable antique weapon the Normans used to shoot or something, and he says, I don't want to sell it. I'm going to be able to possess it again in 10 years. They'll forgive me for whatever it is. And maybe you should accommodate that, or maybe you shouldn't. I have no feeling for how important it is to have an absolute rule. You've given some good reasons for it. What am I supposed to do? Just say everybody agrees here you can't sell it to your best friend who will keep it to you, so they're wrong on that rule. The government's position is now let's do something else with it, maybe absolute, maybe not. Go work it out, Eleventh Circuit, go work it out, lower court. What should we do? O'Connell. Yeah, I think that's that is a perfectly fine solution. I think whatever the Court is going to hold with respect to constructive possession, we certainly hope that the Court will agree with us that a transfer to a person selected by the convicted felon is an act of constructive possession. But we are totally fine with the licensed firearms dealer option. And I don't – it's not something we could have worked out with him now, because he is still presenting in this Court the preferred option that they be given to his friend. Is this Federal license? The sole route that is – is it the government's position that it's the licensed firearm dealer or, in effect, forfeited to the government? Is there any other transferee that, in the government's view, would be appropriate? No. We think it would have to be sold and that the – he could obtain the economic value of it because 922G only extinguishes his possessory interest, but the – But it would have to be sold, but the sale would be – or the consignment would be to a licensed dealer. You're rejecting the friend, you're rejecting the wife. I'm rejecting his ability to decide who to sell it to. I think I tried to explain in a – in response to a question from Justice Kagan earlier, I don't think it's necessarily true that the firearms dealer is the only neutral third party that can sell firearms. And under our theory of constructive possession, he wouldn't be controlling the destination of the firearms if they were given to somebody other than a licensed firearms dealer who was not subject to the control of the convicted felon. But we certainly think that, given the statutory backdrop where firearms are typically sold through an FFL, that we think that is what courts should do. Scalia. Can he select the FFL? Can he select the Federal – I mean, you know, suppose the government says we want it sold by a firearms dealer in San Francisco. And he says, what? You know, they don't sell any guns in San Francisco. I want it – I want it, you know, I want it in Dallas. Can he pick the firearms dealer? What we have said is, yes, he can – the district court has to figure out who is going to sell these firearms, and maybe the parties can nominate firearms dealers. What I – what I tried to say before was that I don't – the Federal Government, certainly the agencies that I am here representing, have said they don't necessarily have the resources to, in every case like this, go out and try to find a firearms dealer to do this. So we don't – and we don't think it's an act of constructive possession for him to pick the neutral third party that's going to make an arm's-length transaction to the entire universe of eligible clients. Roberts. Justice Alito. What would happen if someone is on trial for a felony and has in his house a number of firearms, and then the person is convicted? So what – how can that person deal with the firearms in the house without exercising constructive possession, in your view? So this is probably the one scenario where somebody, like, I don't know that he couldn't have made arrangements beforehand, but we don't really expect him to because he could be holding out hope he's going to be acquitted. I think if he has firearms in the house and then he is convicted and he becomes a convicted felon, I mean, maybe he's – I presume he's going to jail. Maybe he will stay home first. But you're right, that does propose sort of a dilemma where we're saying he can't tell somebody else what to do with the firearms. I think if courts were looking at that below – and, of course, it's not something that is a problem in this case because this Petitioner pleaded guilty and he acknowledged in his plea agreement that he was about to become prohibited from possessing firearms. But I think that if courts determined in a particular case that it was a problem, like all of a sudden I am in a status where I can't possess firearms and if I go home I'm immediately in violation of a statute, that courts could determine that there is a statutory background principle that you have a reasonable amount of time to come into compliance with the statute. Breyer, why can't we do that here? Well, because that is not the type of – a Petitioner who pleads guilty is not in that position. He knew when he pleaded guilty that he was about to lose his ability to possess firearms. I mean, your whole argument, the reason I took it that the government wants this firearm thing, firearm dealer, is they say, look, there are a lot of guns and these guns should be safe, and we're afraid he'll give them to a friend, and we're afraid that maybe the gang boss will get them, and the only safe thing to do is really the firearms dealer. Okay. But now we think of a similar kind of case. It just happened that the government didn't get the guns first. They were in his house. And now you say, well, the solution there is it's a reasonable time. He has a reasonable time to do with them what he wants. No. As long as he gets them out of his possession. I think if he – Or you're going to say he has to give them to a firearms dealer. This is very complicated, more so than I ever thought, and it seems to me that it might best be worked out by lower courts under the principle that we don't want these guns back in the hands of either his control or people who might misuse them. I think if he is a person who pleaded guilty, and so he had advanced knowledge that he was about to become somebody who couldn't possess firearms, including constructive possession where he couldn't exercise dominion and control over them, then he should be required to get rid of those firearms before he pleads guilty. And if he still has them in his house after he does so, there is no reasonable period of time for that person to, you know, exercise his own control over what he wants to do with them. I think those do have to go to a firearms dealer. Kennedy, it's not this case, but suppose, somewhat like Justice Alito's hypothetical, a man is living at home with his wife. Wife owns the firearms. Firearms are in the bedroom. He's convicted of an offense where 922G controls. Is he in constructive possession of those in violation of the statute? There is a whole body of case law on that, Justice Kennedy, where the answer is can the convicted felon exercise dominion and control over the firearms in their location. So if they're in, like, the master bedroom and they're not locked up and he has access to them any time he wants it, then he would be a felon in possession of a firearm. But the mere fact that his wife has them is not enough for constructive possession. Right. But you say that in this context, the mere fact that a friend of his would have them is enough for constructive possession. Yes, and it's because he is the one that is selling the firearms to the friend. He is selecting the friend. He's excluding other people from owning them. He is exercising control over the sale or the transfer to his friend. Ms. O'Connell, I think it's implicit in what you're saying, but I just wanted to make it clear, although you say that Rule 41G is not the appropriate mechanism, you have no doubt that courts do have the equitable authority to do this. Is that correct? That's correct. And I mean, I hope that, Justice Sotomayor, that it's not the case that people are upset with the government's brief. I think that in our brief, we tried to correct some wrongs that had happened in this case. We have abandoned that 41G argument. We've abandoned the unclean hands argument. The weapons that are not firearms have been returned to Mr. Henderson, and we think we've come up with a solution, transferring the weapons to a Federal licensed firearms dealer that allows him to obtain the economic value of the firearms without exercising control over them. We are. Ginsburg. But you agree that the unclean hands part, that should not remain the law of the circuit. Right. So we should address that and reject it. Yes. In our footnote on the unclean hands, we did describe that if these are the – obviously, if the property that we have is contraband, it's not being returned to anybody. But we also would reserve the right to make arguments in cases where the property we're holding is derivative contraband, like it's a firearm that's been used to shoot somebody or it's something that is used as a drug. But you have filed for forfeiture in those situations. Well, what I'm saying is if we miss those deadlines or something like that, we would reserve the right in a derivative contraband case to make an unclean hands argument about the situation. What about just forgetting the words dominion and constructive, and just look to the word possession and say that that sometimes includes control? And what you want to prevent is that he disposes of these arms in a way that allows him possibly to control them in the future, or control them now in a way that likely puts them in the hands of bad people for the future. Now, that way, all we have to do is look at the word possession. We have to add that it includes, for purposes of this statute, certain kinds of control. And then you have to say, this is the simple rule, and this will prevent two bad kinds of control. Now, is there something wrong with that? If so, we then send it back so that you can argue to the district court why your rule is necessary to prevent these two bad kinds of control. Justice Breyer, I think your second part, we would go a little bit further under the government's theory. Surely we think that if the firearms are given back to somebody over whom the convicted felon is going to exercise control, that would be constructive possession. But we also think that regardless of the person who is on the receiving end of the firearms is a good person or a bad person, it is an exercise of dominion. Breyer, I know that's the part that it's hard for me to accept. Because you're willing to allow that control in the case that Justice Alito put, where he was convicted and it's in his house. And I don't see anything bad that flows from that kind of control. And I don't see why you have to read the statute to include that kind of control to achieve any purpose that the statute has. So, therefore, I tend tentatively to reject that kind of control as falling within what the statute forbids. If you are going to reject that kind of control, then we would just ask that the Court, you know, make clear in its opinion that a district court acting in equity is not required to accept the convicted felon's choice or direction about where he wants the firearms to go, and that instead of having to broker that transaction between a convicted felon and his friends, that the Court say, you know, the matter of fact that they're going to have to go out. Alito, I mean, you have a difficult conceptual case. And I don't think, you know, even if you don't think that it's bad to have firearms go to necessarily anybody, or maybe there's a very good person that the convicted felon knows and wants to have it, the line is drawn when you become a convicted felon. Alito, would the firearms dealer charge a commission for selling these guns? Yes. And who would pay that? It would come out of the sale price. So that if the convicted felon could sell this without going through a dealer for a certain amount, then that person would lose the commission by having it sold through a firearms dealer? Yes. And we simply think that that's the economic value is, you know, that we're selling him through a firearms dealer and he's going to charge a commission, then that's just part of determining what the economic value of the guns is. But we certainly think, I mean, this is the Montana or State v. Fadness, one of the Montana Supreme Court case, includes a fact scenario where the person wanted to designate their father to sell them and the court said, I'm not required, the father has no plan to sell them, I'm going to give them to that felon instead. Thank you, counsel. Mr. Ortiz, you have 14 minutes remaining. Well, it's just four very quick points. First, on the question of whether Mr. Henderson asked with sufficient particularity for relief, please remember that he was proceeding pro se. And second, the law is clear that post-conviction motions for return or transfer of property are treated as civil actions. Under Rule 54C of the Federal Rules of Civil Procedure, he's entitled to whatever relief is appropriate, even if he did not request it. Second. You started off, you were going to give us five pages in the record, and you only got to two of them, I think. Oh, sorry. Just in case I'm unfortunate enough to get assigned this opinion. Justice Scalia, on page 71 and on page 170, the first was a reference to his renewed motion for return disposition of property, and the second was the motion hearing itself. He said that he claimed, he argued that he had a property in the firearms which must be accommodated by the sale, transfer, or storage to firearms. But Justice Ginsburg is correct. He did not particularly reference a licensed gun dealer. In his objections to the magistrate judge's report and recommendation, which appears on page 132 of the joint appendix, he asked the Court for the relief to grant the request that this Court order that a person lawfully entitled to own the subject firearms collection be awarded possession and control and direct the payment for the firearms be awarded to the Petitioner or his wife. And finally, in his Eleventh Circuit brief, he said, Alternatively, I request the Court recognize my continued ownership interest in the property value and order its sale for my benefit, for my wife's or adult children's benefit, or allow me to designate a neutral third party to take possession as its own. Second, remind the Court that the government's proposed Federal firearms dealer remedy would allow an owner's friend to take to buy the firearms without the lecture and warning from the district court that that might be a criminal offense. Third, in this case, the firearms were turned over long before Petitioner pleaded guilty. They were turned over by order of the Court setting the conditions of his release pre-trial. And finally, despite my friend's suggestion, Petitioner firmly does not believe that affirmance is appropriate relief here.  Sotomayor, you do understand, I thought it was clear from what the government said earlier, that it's waived any claim that you waived, the request for this relief. So that's not an issue. You think they're still going to go back down and say that you're not entitled to the relief because you didn't ask for the right relief? That's one fear. If this Court were to dispose of the case other than by reversal, there's also the other problem that not only would that not resolve the circuit conflict, because the government is taking a very different view of the Eleventh Circuit's law than the Eleventh Circuit itself does, but there is also the issue of unclean hands, which would still be up there. And that would bar, going forward, anyone in Petitioner's position from taking advantage of the government's new position. If there are no further questions, we rest our case. Thank you. Thank you, Counsel. The case is submitted.